21-1717-cv(L)
*Ashfield Health LLC v. Jacobson, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand twenty-two.

PRESENT:
> DENNIS JACOBS,
> ROBERT D. SACK,
> BETH ROBINSON,
> > *Circuit Judges*.

_____

ASHFIELD HEALTH LLC,

>    *Plaintiff-Appellant-Cross-Appellee*,

>              v.                                          Nos. 21-1717-cv (Lead),
                                                                  21-1885-cv (XAP)

MATTHEW JACOBSON,

>    *Defendant-Appellee-Cross-Appellant*,

ANGELA JACOBSON, ALLISON VALENTINE,
APOLLO MEDICAL COMMUNICATIONS, INC.,

*Defendants.*

_____

FOR APPELLANT/CROSS-APPELLEE:    Rebecca Brazzano, Thompson Hine LLP, New York, NY; Benjamin Sandlin, Thompson Hine LLP, Cincinnati, OH.

FOR APPELLEE/CROSS-APPELLANT:    Steven J. Zakrzewski, Gordon Rees Scully Mansukhani, LLP, Glastonbury, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED** as moot and the district court order entered on July 1, 2021, is **VACATED** in part.

This case arises from a dispute between an employer and an employee who left to work for a competitor. Plaintiff-Appellant Ashfield Health LLC ("Ashfield") contends that Defendant-Appellee Matthew Jacobson ("Jacobson") breached a non-competition agreement when Jacobson accepted competitive employment with non-party Helios Medical Communications, Ltd. ("Helios"), and that Jacobson misappropriated Ashfield's trade secrets for competitive purposes in violation of his employment agreement as well as state and federal law. Ashfield moved for a temporary restraining order and preliminary

injunction enjoining Jacobson from both starting competitive employment with Helios and using Ashfield's trade secrets, as well as ordering Jacobson's return of trade secrets to Ashfield.

After an evidentiary hearing, the district court (Bolden, *J.*) concluded that the non-competition agreement was reasonable in temporal and geographical scope, but that the "balance of hardships" tipped in favor of Jacobson because, if a preliminary injunction were granted, he would lose his job. In addition, the court concluded that Ashfield had failed to show irreparable harm in the absence of an injunction. The court therefore denied Ashfield's motion for a preliminary injunction enjoining Jacobson's employment with Helios, but it ordered Jacobson to return to Ashfield all information belonging to Ashfield, if any, that was still in Jacobson's possession. Ashfield appealed the district court's partial denial of its motion.[1]

---

[1] Jacobson filed a cross-appeal challenging the district court's conclusion that the temporal and geographic provisions of the non-competition agreement were reasonable. Because Jacobson does not seek reversal of the district court's partial denial of Ashfield's motion for preliminary injunction, but instead merely challenges one aspect of the district court's *reasoning*, it is not clear that a cross-appeal is warranted. *See Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc.*, 38 F.3d 1279, 1285 (2d Cir. 1994) (explaining that "appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record," even if the argument "involve[s] an attack upon the reasoning of the lower court") (quoting *United States v. Am. Ry. Exp. Co.*, 265 U.S. 425, 435 (1924)). We construe Jacobson's cross-appeal as offering an alternative basis to affirm the district court's partial denial of Ashfield's motion. But, because we dismiss the appeal as moot and vacate the order in part, we need not address the arguments raised in Jacobson's cross-appeal.

Ashfield subsequently filed a motion seeking a stay of the court's order and reinstatement of the temporary injunction the court had issued pending the preliminary injunction hearing. After the parties completed their briefing on appeal, the district court granted the motion in part and ordered Jacobson to refrain from using any of Ashfield's trade secrets or contacting any of Ashfield's customers.

In its brief on appeal, Ashfield challenges the district court's denial of its request for preliminary injunctive relief to enforce 1) the non-competition agreement and 2) the agreement restricting Jacobson's use of Ashfield's trade secret information.

We must first determine whether we have jurisdiction in light of intervening events. "If, as a result of changed circumstances, a case that presented an actual redressable injury at the time it was filed ceases to involve such an injury, it ceases to fall within a federal court's Article III subject matter jurisdiction and must be dismissed for mootness." *Janakievski v. Exec. Dir.*, *Rochester Psychiatric Ctr.*, 955 F.3d 314, 319 (2d Cir. 2020).[2]

In the context of covenants not to compete, an appeal following the denial of a motion for preliminary injunction may be moot if the covenant expires

---

[2] Unless otherwise noted, in quoting caselaw this Order omits all alterations, citations, footnotes, and internal quotation marks.

before the court of appeals issues its mandate. *See, e.g., Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1289-90 (11th Cir. 2022); *see also Aladdin Cap. Holdings, LLC v. Donoyan*, 438 F. App'x. 14, 16 (2d Cir. 2011) (summary order). Ashfield challenges the district court's denial of preliminary injunctive relief pursuant to a one-year non-competition agreement, which would have enjoined Jacobson from working for Ashfield's competitors. The one-year non-competition agreement went into effect on April 2, 2021, when Jacobson's employment terminated, and ended in April 2022. Because the covenant not to compete is no longer in force, and because the covenant "d[id] not provide for automatic extension upon a breach of the covenant," Ashfield's request for preliminary injunctive relief to enforce the covenant is moot. *Aladdin Cap. Holdings, LLC v. Donoyan*, No. 3:11CV655 MRK, 2011 WL 2293236, at *4 (D. Conn. June 8, 2011).

Ashfield's challenge to the district court's denial of its request for preliminary injunctive relief prohibiting Jacobson from using Ashfield's trade secrets is also moot. The district court has ordered Jacobson to refrain from using any of Ashfield's trade secrets, thereby granting Ashfield the relief it sought. As such, this claim is moot.

With certain exceptions, when a matter becomes moot on appeal, we generally vacate the lower court's judgment "in order to avoid the negative preclusive effects that would result from letting the district court's judgment

5

stand" when it has not been subjected to the appellate scrutiny to which the losing party was entitled. *Catanzano v. Wing*, 277 F.3d 99, 108 (2d Cir. 2001). For that reason, we vacate the district court's order denying Ashfield's motion for preliminary injunctive relief to enforce the non-competition agreement. We do not vacate the district court's order as it relates to confidential and trade secret information.

* * *

For the forgoing reasons, the appeal is **DISMISSED** as moot and the district court's order is **VACATED** in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court